### T. L. McDANIEL ET AL. V. E. C. GARRETT ET AL.
#### No. 833.

**Married Woman's Acknowledgment—Transfer of Land Certificate.**

Where the certificate to a married woman's acknowledgment, made in 1861, of a written transfer of her interest in an unlocated land certificate, fails to show that she was examined privily and apart from her husband, the instrument is void. Following Ballard v. Carmichael, 83 Texas, 363.

APPEAL from Lamar. Tried below before Hon. E. D. McCLELLAND.

*George A. Titterington,* for appellants.—From April 30th, 1846, to the adoption of the Revised Statutes in 1879, the deed of a married woman was void as a conveyance of her separate property, real or personal, unless she was joined by her husband and signed such deed with him to the purchaser of said property and acknowledged to an officer authorized to take acknowledgments, privily and apart from her husband, that she executed the same for the purposes and considerations therein expressed and that she did not wish to retract it. Pas. Dig., arts. 1003, 1005, 5004, 5007, 5008; Tucker v. Carr, 39 Texas, 98, 99, 101; Railway v. Durrett, 57 Texas, 51; Thomas v. Chance, 11 Texas, 634; Nichols v. Gordon, 25 Texas Sup., 110, 112; Hollis v. Francois, 5 Texas, 200; Berry v. Donley, 26 Texas, 746; Parker v. Chancellor, 73 Texas, 479.

*Dudley & Moore,* for appellees.—On the proposition that a married woman may convey her interest in an unlocated land certificate without privy acknowledgment, see Ikard v. Thompson, 81 Texas, 290; Bennett v. Land and Cattle Co., 1 Texas Civ. Apps., 324; Groesbeck v. Bodman, 73 Texas, 287; Jones v. Reus, 24 S. W. Rep., 674; Simpson v. Chapman, 45 Texas, 564-6; Parker v. Spencer, 61 Texas, 162; Watkins v. Gilkerson, 10 Texas, 340; Evans v. Hardeman, 15 Texas, 480.

RAINEY, ASSOCIATE JUSTICE.—In 1861, Mary Jane McDaniel, joined by her then husband, Elijah Russell, attempted to convey by a written instrument her interest in a certain land certificate, afterwards located on the land in controversy. She and her husband appeared before an officer, as shown by his certificate, and acknowledged the instrument as

though she was a feme sole; the acknowledgment being defective in that it fails to show that she was examined privily and apart from her said husband, etc. Shortly after this transaction Elijah Russell died, and in 1863, Mary Jane, his wife, married appellant T. L. McDaniel, with whom she was living at the time of the trial of this cause.

In 1873 she attempted to ratify her former action by appearing before an officer and acknowledging said instrument, being examined privily and apart from her said husband. The certificate of the officer is in proper form, but there is nothing to show that her then husband, McDaniel, joined her in said act, or that he consented thereto. The certificate was located and the land passed into the possession of appellees, who have made valuable improvements thereon. This suit was brought by Mrs. McDaniel, joined by her husband, to recover an interest in the land, and judgment was rendered against her for such interest.

On the trial of the cause defendants offered said written instrument in evidence, and the same was admitted, over objection of plaintiffs; the main objection being that said instrument had not been properly acknowledged by Mrs. McDaniel, and therefore did not pass her title to the certificate.

There can be no question but that the first acknowledgment did not comply with the statute; nor, in our opinion, was her second acknowledgment valid, because she was not joined by her husband in said act; nor did he authorize or consent to same. Being a married woman, she could not act alone in the premises so as to make her act binding. If it was necessary that said instrument should have been properly acknowledged to have conveyed Mrs. McDaniel's interest in said certificate, it follows that the court erred in admitting said written instrument in evidence

The contention of appellees, however, is that "a land certificate is personal property, and may be transferred by parol. And a sale or transfer in writing, by a married woman, of an interest in an unlocated land certificate, her separate property, with the implied or express assent of her husband, will pass the title to her interest in such certificate and in the land located by virtue thereof, although such transfer is not acknowledged by her in the manner required in sales of her separate real estate."

It is settled that an unlocated certificate is personal property and can be transferred by parol. This applies to married women, when consented to by their husbands. But it is held by our Supreme Court, in the case of Ballard v. Carmichael, 83 Texas, 363, that under the act of 1846, which provided in effect that married women could not convey their real or personal property by a written instrument unless privily acknowledged, no such instrument would be valid unless so acknowledged.

In the case just cited a transfer of a certificate was made by a married woman and her husband, but no written transfer was executed. A receipt was given by the wife and husband, which acknowledged the

receipt of the purchase money for their interest in the certificate. An objection to the introduction of the receipt in evidence, which was sustained by the court, was that it was not privily acknowledged by the wife. In passing upon this point, Justice Gaines said: "If the instrument purported to be a conveyance of the certificate, we are of the opinion that the objection would have been well taken. But it is not a conveyance, but a receipt containing a distinct admission that the parties who signed it had transferred the warrants to Johnson on a day anterior to that on which the writing was executed. We see no reason, therefore, why it may not be received in evidence to prove the fact admitted, provided, always, that such fact be capable of proof by admission, and relevant to the issue to be determined."

Judge Gaines discusses the question at length, and from his opinion we reach the conclusion that the instrument offered in evidence in this case not being "accompanied by a proper certificate of privy acknowledgment," is void, and the court erred in admitting it.

The appellees having made valuable improvements in good faith, under a claim of right, they are entitled to protection. If on another trial appellants should recover the interest sued for, in a partition, if practicable, the improvements should be set apart to appellees. If such a partition is not practicable, then it should be made so that appellees should get the benefit thereof.

*Reversed and remanded.*

Delivered June 5, 1895.